IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE: )
 )
KAREN BLACKORBY, ) Bankruptcy Case No. 06-31688
 )
 Debtor. )

OPINION

This matter having come before the Court on a Motion to Reconsider Order Overruling Objection to Claim filed by the Debtor and Response to Motion to Reconsider Order Overruling Objection to Claim filed by Carrollton Bank; the Court, having heard arguments of the parties and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in serious dispute and are, in pertinent part, as follows:

On May 28, 2008, Carrollton Bank filed an Amended Proof of Claim stating that it had a secured claim in the amount of $605,926.89 and an unsecured claim in the amount of $127,993.54. Debtor filed an Objection to Allowance of Claim of Carrollton Bank on March 16, 2009, alleging that the Bank was fully secured and that there should be no unsecured component to the Bank's claim. The Bank responded to the Debtor's Objection in writing on April 17, 2009, and a hearing was held in front of Judge Meyers on April 22, 2009. After consideration of all the arguments

contained in the pleadings, Judge Meyers ruled, at hearing on April 22, 2009, that the Carrollton Bank was entitled to an unsecured claim in the amount of $127,993.54, and, as such, he overruled the Debtor's Objection to Allowance of Claim.

On May 4, 2009, Debtor, through her attorney, filed the Motion to Reconsider Order Overruling Objection to Claim, once again asserting that the Carrollton Bank was fully secured and that allowing the Carrollton Bank to have an unsecured claim adversely affected other unsecured creditors as it would substantially reduce the distribution to those other unsecured creditors.  Carrollton Bank has responded to the Debtor's Motion to Reconsider Order Overruling Objection to Claim, and both sides were allowed to present oral argument at hearing on June 15, 2009.

### Conclusions of Law

Based upon this Court's thorough review of the record of this proceeding and the record of the hearing on April 22, 2009, and the arguments made by the parties at hearing on June 15, 2009, the Court finds that the Debtor has failed to make any allegation of cause upon which this Court may reconsider the Order of April 22, 2009.  In fact, this Court finds that all the Debtor has done is simply reallege arguments that were previously made on April 22, 2009, upon which the Court has already ruled.  The Court agrees with the case authority cited by the Carrollton Bank that there must be a showing of exceptional circumstance or a grievous wrong evoked by an unforeseen condition in order for the Court to undue its decision of April 22, 2009.  See:  In re Watkins, 240 B.R. 735 (C.D. Ill. 1999).  Based upon the record of hearing on June 15, 2009, and the pleadings, the Court finds that the Debtor has made no such showing in this case such that the decision of April 22, 2009, should

be overturned. The Court agrees with the Bank's argument that the assignment of a life insurance policy does not impair or impact the claim of the Bank or cause the Bank to be fully secured at this time. As such, the Court finds that the Carrollton Bank has an unsecured claim in the amount of $127,993.54, and that that claim is entitled to distribution together with all other unsecured creditors.

    ENTERED:   June __16__, 2009.

                                              /s/Gerald D. Fines
                                              GERALD D. FINES
                                              United States Bankruptcy Judge